IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| RHONDA MEISNER, | ) | C/A No. 3:12-cv-00684-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| ZYMOGENETICS, INC., a wholly owned subsidiary of Bristol-Myers Squibb, ZYMOGENETICS, LLC, a wholly owned subsidiary of Zymogenetics, Inc., and TRACEY CALDERAZZO, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on motion of Plaintiff Rhonda Meisner ("Meisner") to alter or amend the judgment pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. ECF No. 296. The challenged judgment was entered based on the Opinion and Order of September 22, 2014 ("Dispositive Order"). ECF No. 288 (Dispositive Order); ECF No. 289 (Judgment). The Dispositive Order (1) affirmed the Magistrate Judge's denial of Meisner's motions to amend her complaint and to reconsider denial of her motion to amend, (2) adopted in full the Magistrate Judge's Report and Recommendation ("Report") on the parties' cross-motions for summary judgment, (3) granted Defendants' motion for summary judgment on all claims, (4) denied Meisner's cross-motion for summary judgment, and (5) addressed other pending motions.[1] *See* ECF No. 288 (Dispositive Order); ECF No. 257 (Report). Meisner's present motion challenges various aspects of the Dispositive Order. For reasons set forth below, Meisner's motion to alter or amend the judgment

---

[1] The other motions addressed included Meisner's three motions to submit additional argument (ECF Nos. 269, 276, 252), which were granted, and her two motions in limine (ECF Nos. 204, 219), which were terminated as moot. ECF No. 288 at 25. Meisner's present motion includes a request relating to the motions in limine but does not seek modification of the underlying ruling.

is denied.

## STANDARD

In the caption and opening paragraph of her motion to alter or amend, Meisner indicates that she is relying on both Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. ECF No. 296 at 1. As Meisner notes, a court may alter or amend a judgment under Rule 59(e) in the following three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available previously; or (3) to correct a clear error of law or prevent manifest injustice. *See* ECF No. 296 at 5 (addressing only Rule 59(e) in discussion of standards); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (setting out three grounds for altering or amending a judgment). To the extent she relies on Rule 59(e), Meisner appears to rely solely on the third ground. ECF No. 296 at 5 (stating, in discussing standard, that court "relied on perjured declarations and evidence that conflicted with the previous findings of the Magistrate Judge during status hearings," failed to rule on Meisner's arguments that Defendants submitted perjured declarations, and should reconsider its prior decision "to prevent a manifest injustice" ).

Meisner does not address the standards for a Rule 60(b) motion in her opening memorandum or otherwise address that rule beyond her initial reference to it. She does, however, state in her reply that she is relying on Rule 60(b) to the extent she seeks modification of the judgment based on allegations defense counsel suborned perjury. ECF No. 302 at 1-3 (reply argument based, in part, on cases applying Rule 60(b) as interpreted under the South Carolina Rules of Civil Procedure); *id.* at 6 ("To get a ruling on the intrinsic and extrinsic fraud is a proper reason . . . to request a ruling via

a Rule 59(e) and 60(b) motion.").[2]

**DISCUSSION**

I.  **Allegations of Perjured Declarations**

Meisner first argues that the court erred in failing to rule on her allegations that Defendants submitted and relied on perjured declarations signed by her former supervisor, Jeff Fortino ("Fortino").[3]  ECF No. 296 at 1, 6-10 (arguing defense counsel suborned perjury with respect to one or more of these declarations).  Meisner's premise, that the court has not ruled on this issue, is in error.

Although the court also supplemented the Report (primarily to address Meisner's objections), it adopted the Report in full.  ECF No. 288 at 12 ("Having fully considered both the evidence and arguments, the court adopts the recommendations of the Report for the reasons stated in the Report and as further addressed below.").  The Report addressed Meisner's allegations of suborned perjury as follows:

As an initial matter, Meisner appears to argue that the defendants' motion for

---

[2] In her reply, Meisner argues that procedural standards applicable in South Carolina's state court system should apply to review of her state-law claims. ECF No. 302 at 1-3 (referring to differing summary judgment standards between state and federal court and citing state court decisions addressing South Carolina Rules of Civil Procedure 59(e) and 60(b)).  This argument ignores the distinction between procedural and substantive rules.  *See*, *e.g., Anand v. Ocwen Loan Svc., LLC*, 754 F.3d 195 (4th Cir. 2014) ("Under the familiar *Erie* doctrine, we apply [the State's] substantive law and federal procedural law when sitting in diversity.").

[3] Defendants include Meisner's employer and a related entity: Zymogenetics, Inc., and Zymogenetics, LLC.  Except where necessary to distinguish between them, these Defendants are referred to collectively as "Zymogenetics."  *See infra* Discussion § II. B. (addressing Meisner's argument that the court erred in identifying Zymogenetics, LLC as her employer).  The third Defendant, Tracey Caldarazzo (spelled "Calderazzo" in the caption, is one of Meisner's former co-workers against whom Meisner asserts a claim for slander. See ECF No. 288 at 1 n.2 (addressing spelling of this Defendant's name).

> summary judgment should be denied based on her allegations that Fortino's declaration consists of perjured statements and that defendants' counsel has aided and suborned it. The court has reviewed all of Meisner's alleged support for such serious allegations and finds them to be either wholly without merit or a tenuous stretch at best.

ECF No. 257 at 7 n.5. In light of the court's adoption of the Report and its reasoning, this footnote is part of the court's ultimate decision.

Meisner's argument is also unpersuasive to the extent it challenges the substance of this ruling, At best, Meisner points to evidence which might conflict with Fortino's stated recollections of certain events (thus raising a dispute of fact as to those issues), one misstatement he corrected through a subsequent declaration, and one arguable misstatement that suggests a dispute as to symantics.[4]

None of these conflicts or misstatements suggest perjury by Fortino, much less subornation of perjury by defense counsel. Further, as Defendants note, neither the Report nor the Dispositive Order rely on any of the allegedly false statements in Fortino's declarations. *See* ECF No. 300 at 2-3 n.2. It follows that this argument does not support alteration or amendment of the judgment.[5]

---

[4] Meisner's subornation argument rests primarily if not solely on Fortino's assertion in his first declaration that he had not "communicated with anyone about this lawsuit other than the attorneys handling the case for Defendants." Meisner suggests this statement is false and the falsity was known to counsel because, prior to execution of his first declaration, Fortino received a call from Amy Maxwell who stated that she was willing to give a deposition on behalf of Defendants. Fortino responded that he would pass that information on to counsel and he apparently did so. Thus, Fortino's statement that he had not "communicated with anyone about this lawsuit" is not literally true – he did pass on a message from a potential witness that she was willing to give a deposition. While the phrasing of the declaration is careless, this does not suffice to raise an inference of perjury, much less subornation of perjury, because Fortino (and his counsel) may have intended the term "communication" to refer to substantive discussions.

[5] Defendants also argue that Meisner "failed to object to this portion of the [Report]." ECF No. 300 at 4. Plaintiff responds that she did make a relevant objection, citing to a single footnote in her 36-page objection. ECF No. 302 at 5 (citing ECF No. 265 at 34 n. 141). That footnote

**II.     Determinations Not in the Report and Recommendation**

Meisner also argues that the judgment should be altered or amended because the Dispositive Order "contain[s] several determinations that were not included in the Magistrate's R&R and therefore Ms. Meisner did not have the opportunity to object to the rulings or to appeal to the District Court the incongruent findings which the Plaintiff respectfully does now." ECF No. 296 at 3. Meisner points, in particular, to the court's "ruling" that Zymogenetics was her employer. *Id.*

When the matter referred is a dispositive motion, the magistrate judge may only issue proposed findings and recommendations given the limited authority of a magistrate judge. 28 U.S.C. § 636(b)(1)(B). For the same reason, the parties are afforded an opportunity to object to the proposed findings and recommendations before the district judge enters a final dispositive order. 28 U.S.C. § 636(b)(1)(C).

There is no similar two-tiered requirement applied to dispositive rulings by a district judge. Thus, this court was free to consider and rule on the parties' arguments (including Meisner's objections) without affording an additional opportunity for objection.

As to the identity of Meisner's employer, the record before the court at the time the Dispositive Order was entered suggested that it was undisputed that Zymogenetics, LLC, was Meisner's employer and Zymogenetics, Inc., was the employer's parent corporation.[6] The court

---

"insists" that defense counsel suborned perjury in light of Amy Maxwell's testimony. For present purposes, the court will assume without deciding that the footnote sufficed as an objection. The argument, nonetheless, fails for reasons addressed above.

   [6] As Defendants note in their response to Meisner's motion to alter or amend, they asserted in their motion for summary judgment that Zymogenetics, LLC was Meisner's employer and Meisner did not challenge that assertion. ECF No. 300 at 5 (citing ECF No. 216-1 at 1).

noted the respective roles of the two entities in the opening sentence of the Dispositive Order. ECF No. 288 at 1. The distinction between the two entities was not otherwise addressed in the order. Neither was the distinction determinative of any disputed issue.

Rather than directing the court to any evidence that Zymogenetics, Inc., rather than Zymogenerics, LLC, was her employer, Meisner focuses her argument on a claim that she suffered harm because Zymogenetics, LLC, was "allowed … to evade discovery completely with the possible exception of a 30(b)(6) deposition[.]" ECF No. 296 at 10-12. This argument is irrelevant to the issue of which Defendant was Meisner's employer.

Even if otherwise relevant to Meisner's motion to alter or amend the judgment, Meisner's argument would fail for two reasons. First, the underlying discovery ruling was not appealed and is not now subject to review.[7] Second, Meisner has failed to point to any basis for disturbing the discovery ruling even if that ruling were now subject to review.

Most critically as to the second point, Meisner has not pointed to any evidence that Defendants failed to disclose their position as to which entity was Meisner's employer when they sought and obtained the protective order of which Meisner complains. To the contrary, the record reveals that Meisner originally named only Zymogenetics, Inc., as a Defendant. ECF No. 1. Zymogenetics, Inc., promptly filed answers to local rule interrogatories stating that Zymogenetics, LLC, was the actual employer. ECF No. 11 at 2 (F) (response to local rule interrogatories filed May 8, 2012). This prompted Meisner to move to amend her complaint to name both entities as

---

[7] Meisner did seek reconsideration of that order. ECF No. 156 (noting, *inter alia*, Defendants' claim that Zymogenetics, LLC, was Meisner's employer). The motion for reconsideration was denied by oral ruling during a hearing held November 6, 2013. ECF No. 191. That ruling was not appealed.

Defendants, which motion was ultimately granted. ECF Nos. 17, 19 (motions to amend to add Zymogenetics, LLC, filed in July 2012); ECF No. 30 (Amended Complaint filed February 5, 2013). Thus, Meisner was aware of Defendants' position as to the employer throughout discovery, which ended on October 30, 2013. The magistrate judge was, likewise, clearly apprised of Defendants' position as to the employer before she ruled on Defendants' motion for a protective order. Finally, Meisner has failed to point to any specific harm suffered as a result of the protective order.[8]

Meisner has also failed to direct the court to any evidence that casts doubt on the court's identification of Zymogenetics, LLC, as her employer. All that being said, all rulings in the challenged order would be the same regardless of which entity was Meisner's actual employer.

### III.     Refusal to Consider Recharacterization of Claims at Summary Judgment Stage

Meisner argues that the court erred in refusing to allow her to recharacterize her religious discrimination claim as a failure to accommodate claim through her response to Defendants' motion for summary judgment. Meisner's arguments do not address the basis of this ruling: the belatedness of the recharacterization. The arguments she does offer relate to whether such a claim might be

---

[8] The specific discovery ruling on which Meisner relies for her claim of harm was an oral ruling granting Zymogenetics' motion for a protective order. The motion was filed on September 9, 2013, and granted by oral ruling on September 18, 2013. ECF Nos. 133, 148. The briefing on this motion clearly disclosed Zymogenetics' position that Zymogenetics, LLC, rather than Zymogenetics, Inc., was Meisner's employer. ECF No. 133. Thus, there is no basis to assume the magistrate judge was misled as to the proper employer in ruling on the motion. The motion was, moreover, based on excessive discovery requests, not on any distinction between Defendants. The same oral ruling addressed three other discovery motions, one of which was Plaintiff's motion to compel, which was granted in part and denied in part. As neither party has obtained a transcript of this hearing, further detail regarding the ruling is absent from the record. It, nonetheless, appears from Meisner's reply in support of her present motion that the court resolved the discovery dispute, in part, by allowing Zymogenetics, LLC, to formally adopt responses previously given by Zymogenetics, Inc. ECF No. 302 at 3 (noting magistrate judge granted Zymogenetics' request for a protective order, precluding additional discovery against Zymogenetics, LLC, and, instead, allowing Zymogenetics, LLC to adopt responses previously served by Zymogenetics, Inc.).

made and are unpersuasive even for that purpose. *See* ECF No. 296 at 19 (conceding her recharacterization would "be a novel view of the accommodation provision of . . . Title VII" and asserting her position "is a variation on the facts of Charita Chalmers v. _____").[9]

### VI.     Other Arguments Relating to Summary Judgment

As Defendants' note, Meisner's remaining arguments relating to the ruling on cross-motions for summary judgment are "simply an attempt to repackage and reassert arguments previously advanced and rejected . . . after extensive briefing." ECF No. 300 at 6. These arguments are insufficient to support altering or amending the judgment.

### V.     Denial of Motion to Amend

Meisner argues the court erred in affirming denial of her motion to amend the complaint based, in part, on incorrect assumptions that Meisner had not (1) argued for application of the discovery rule to accrual of her slander claim or (2) cited *Austin v. Torrington Co.*, 611 F. Supp. 191 (D.S.C.) *rev'd* 810 F.2d 416 (4th Cir. 1987) in support of that argument. ECF No. 296 at 3 (citing Dispositive Order n.11). This argument fails because it is based on a mischaracterization of the Dispositive Order.

The Dispositive Order does state in a footnote that "*[t]he Fourth Circuit's decision* in *Austin* appears to have first been cited in Meisner's Motion to Reconsider [denial of the motion to amend]." ECF No. 288 at 8 n.11 (emphasis added). The affirmance of the denial of Meisner's motion to amend did not, however, depend on any delay in raising the discovery argument or in citing to the appellate decision in *Austin*. Instead, the court fully considered the import of both the district court and appellate decisions in *Austin* in deciding whether the discovery rule is applicable to slander

---

[9] No citation follows the incomplete case name in Meisner's memorandum.

claims under South Carolina law. ECF No. 288 at 8-10 (concluding discovery rule did not apply).

Meisner also asserts that the court erred in stating that Meisner had not argued that her slander claims related back to the filing of the lawsuit. ECF No. 296 at 12 ("The Court also ruled that Ms. Meisner never argued the 'relation back' to the original filing of the lawsuit; however, Ms. Meisner did argue the slander and libel allegations related back to the original filing of the SCHAC administrative charges[.]").[10] This argument mischaracterizes the actual statement in the Dispositive Order and, more critically ignores the order's full consideration of the relation-back doctrine whether or not raised by the parties. ECF No. 288 at 11 n.14 ("Plaintiff does *not appear to have raised* the relation-back argument. *The court, nonetheless, considers the possibility that it could apply*." (emphasis added)).

Similarly, Meisner suggests the court erred in stating that Meisner had not argued "that the tolling provision [of S.C. Code Ann. § 15-3-30] applies because one of the Defendants is an individual who resided in another state during the relevant period." ECF No. 296 at 12. Meisner suggests the court's statement (quoted below) is error because she made such an argument during a hearing before the Magistrate Judge on November 6, 2013. *Id.*

The court did not, however, state that Meisner had *never* made such an argument. Instead, the court referred specifically to Meisner's arguments in support of her appeal of the denial of her motion to amend. ECF No. 288 at 10 (discussing ECF No. 260 at 2 (Meisner's appeal of denial of

---

[10] Meisner cites her reply in support of her objections to the Report for the premise that she raised a relation-back argument. The argument raised in this reply is not, however, the relation-back doctrine to which the court referred in the Dispositive Order. *Compare* ECF No. 288 at 11 (Dispositive Order addressing whether claim could relate back to filing of the complaint) *with* ECF No. 285 at 9 (Meisner's argument that because "the filing of an administrative charge with the South Carolina human affairs acts as a tolling provision for the federal claims, it should also, coupled with the statutory constructs for torts, toll the state slander claims.").

9

motion to amend)). The court noted that Meisner "refer[red] to the 'tolling provision for out of state Defendants' in her appeal" but did not "argue that the tolling provision applies because one of the Defendants is an individual who resided in another state during the relevant period. Instead, she argues this statutory provision should be extended to apply 'when "notice of the tort" is unknown[.]'" ECF No. 288 at 10 (quoting ECF No. 260). As the court noted in the Dispositive Order, Meisner's argument was essentially an argument to extend the discovery rule to all causes of action based on the statutory provision relating to tolling of the statute of limitations, which argument the court rejected. *Id.* at 10-11.

In sum, Meisner's arguments relating to the rulings on her motion to amend are based on a misreading of the Dispositive Order. Meisner has not, in any event, identified any error that would support a different outcome even if considered *de novo*. It follows that she has not satisfied the more stringent standard for altering or amending a judgment.

## VI.    Motions in Limine

Meisner also seeks relief relating to her motions in limine, which the court held were moot in light of the summary judgment rulings.[11] Meisner does not seek to alter or amend these rulings. She, instead, asks that her previous in camera submissions relating to these motions be "unsealed and added to the record." ECF No. 296 at 18. This request is denied. The court has never considered the motions on the merits or the exhibits thereto except to the extent filed as exhibits to some other motion. Meisner has not suggested any other reason these additional documents should be filed at this stage in the litigation.

---

[11] One motion seeks to exclude Defendants' expert witness on damages. ECF No. 204. The other seeks pretrial rulings on a large number of evidentiary submissions, some of which Meisner seeks to exclude and others which she seeks to have admitted. ECF No. 219.

**CONCLUSION**

For the reasons set forth above, Meisner's motion to alter or amend the judgment and for other related relief is denied.

IT IS SO ORDERED.

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
November 25, 2014